IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWN GIDEON,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICER BARRY GRABERT #737,<br>OFFICER HARWOOD, and the CITY OF<br>WAUKEGAN ,<br><br>  Defendants. | **FILED: MAY 7, 2008**<br>**08CV2618      PH**<br>**JUDGE LEFKOW**<br>**MAGISTRATE JUDGE VALDEZ**<br><br>  No. |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit OFFICER BARRY GRABERT #737, OFFICER HARWOOD (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF WAUKEGAN.

## JURISDICTION

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.     Plaintiff is a resident of the State of Illinois and of the United States.

3.     The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF WAUKEGAN.

1

4.     The CITY OF WAUKEGAN is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint.  At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF WAUKEGAN.

## FACTS

5.     On or about July 15, 2006, some or all of the DEFENDANT OFFICERS engaged in an unreasonable seizure of the PLAINTIFF.  This conduct violated the Fourth Amendment to the United States Constitution.

6.     On or about July 15, 2006, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7.     The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

8.     The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

9.     On July 15, 2006, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

10.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

11.    On or about July 15, 2006, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF WAUKEGAN.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

12.    Upon information and belief, OFFICER BARRY GRABERT #737, on July 15, 2006, came into physical contact with PLAINTIFF.

13.    Upon information and belief, OFFICER HARWOOD, on July 15, 2006, came into physical contact with PLAINTIFF.

## CONSPIRACY

14.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a.    agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

    b.    using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

    c.    agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

    d.    agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

    e.    generating false documentation to cover-up for their own and each other's misconduct;

15.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about July 15, 2006, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS by

and through their conduct, proximately caused PLAINTIFF to, *inter alia*, be charged with criminal allegations, incur financial loss and suffer emotionally.

## EQUAL PROTECTION

16.    The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the , therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

17.    With regard to an Equal Protection Claim, PLAINTIFF is a "Class of One."  In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS.  The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF.  Further, PLAINTIFF was similarly situated to other individuals driving while sober in Illinois that were not the victims of police misconduct and/or potential claimants against CITY OF WAUKEGAN Police Officers.

## COUNT I
## §1983 False Arrest

18.    PLAINTIFF re-alleges paragraphs 1 – 17 as though fully set forth herein.

19.    The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

20.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.   PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### Malicious Prosecution - State Claim

21.    PLAINTIFF re-alleges paragraphs 1 – 17 as though fully set forth herein.

22.    The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFF.

23.    The DEFENDANT OFFICERS engaged in this effort without probable cause.

24.    The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

25.    The underlying criminal charges were resolved in a manner indicative of innocence.

26.    The aforementioned actions were the direct and proximate cause of the violations of State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.   PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### § 1983 Conspiracy Claim

27.    PLAINTIFF re-alleges paragraphs 1 – 17 as though fully set forth herein.

28.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.   PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### § 1983 Unlawful Seizure of Property

29.     PLAINTIFF re-alleges paragraphs 1 – 17 as though fully set forth herein.

30.     The DEFENDANT OFFICERS seized and/or destroyed the property of the PLAINTIFF without legal justification.

31.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.   PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### § 1983 Equal Protection – Class of One

32.     PLAINTIFF re-alleges paragraphs 1 – 17 as though fully set forth herein.

33.     The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

34.     The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.   PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**COUNT VI**
**Supplementary Claim for *Respondeat Superior***

35.     PLAINTIFF re-alleges paragraphs 1 – 17 as though fully set forth herein.

36.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF WAUKEGAN, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the DEFENDANT OFFICERS and such other additional relief, as this Court deems equitable and just.

**JURY DEMAND**

37.     Plaintiff demands trial by jury.


Respectfully submitted,


s/ Blake Horwitz
Attorney for the Plaintiff
Blake Horwitz

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076